IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

_____

| | | |
|---|---|---|
| BRANDON J. BURNS, | ) | Cause No. CV 12-49-H-DLC-RKS |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | FINDINGS AND RECOMMENDATION |
| | ) | OF U.S. MAGISTRATE JUDGE |
| LEROY KIRKEGARD, Warden, | ) | |
| Montana State Prison, | ) | |
| | ) | |
| Respondent. | ) | |

_____

On May 30, 2012, Petitioner Brandon Burns moved to proceed in forma pauperis with this action for writ of habeas corpus under 28 U.S.C. § 2254. Mr. Burns is a state prisoner proceeding pro se. He challenges a conviction entered in Yellowstone County on July 12, 2010, for driving under the influence. Pet. (doc. 1) at 1 ¶¶ 1-3.

Mr. Burns filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 on August 26, 2011. He challenged the same conviction, entered in Yellowstone County on July 12, 2010, for driving under the influence. Pet. (doc. 1) at 2 ¶¶ 1-3, *Burns v.*

*Mahoney*, No. CV 11-96-BLG-RFC-CSO (D. Mont. Aug. 26, 2011); *see also id.* at 2 Instruction No. 6 ("If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date.") The petition was denied on the merits and a certificate of appealability was denied on December 27, 2011. Order (doc. 12), *Burns*, No. CV 11-96-BLG. The Ninth Circuit Court of Appeals also denied a certificate of appealability. Order at 1, *Burns v. Mahoney*, No. 12-35065 (9th Cir. Mar. 30, 2012).

District courts lack jurisdiction even to consider a second or successive challenge to a conviction without prior authorization from the Court of Appeals. 28 U.S.C. § 2244(b)(3)(A); *Burton v. Stewart*, 549 U.S. 147, 149 (2007) (per curiam). Mr. Burns's second petition must be dismissed.

A certificate of appealability is not warranted because this case is controlled by *Burton*. In addition, Mr. Burns's new claim that the prosecution breached the plea agreement is based on facts known to him in the course of the original criminal proceedings in state court. Consequently, transfer of the petition to the Court of Appeals is not in the interests of justice. 28 U.S.C. §§ 1631, 2244(b).

Based on the foregoing, the Court enters the following:

### RECOMMENDATION

1. The Petition (doc. 1) should be DISMISSED.

2. A certificate of appealability should be DENIED.

3. The Clerk of Court should be directed to enter, by separate document, a judgment of dismissal.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT**

Pursuant to 28 U.S.C. § 636(b)(1), Mr. Burns may serve and file written objections to this Findings and Recommendation within fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing. If Mr. Burns files objections, he must itemize each factual finding to which objection is made and must identify the evidence in the record he relies on to contradict that finding; and he must itemize each recommendation to which objection is made and must set forth the authority he relies on to contradict that recommendation. Failure to assert a relevant fact or argument in objection to this Findings and Recommendation may preclude Mr. Burns from relying on that fact or argument at a later stage of the proceeding. A district judge will make a de novo determination of those portions of the Findings and Recommendation to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendation. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

Mr. Burns is cautioned that he must immediately inform the Court of any

<u>change in his mailing address</u>. Failure to do so may result in dismissal of this case without notice to him.

DATED this 1st day of June, 2012.

    /s/ Keith Strong
Keith Strong
United States Magistrate Judge