

**FILED**

JUN 14 2012

PATRICK E. DUFFY, CLERK
By_____
DEPUTY CLERK, MISSOULA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| | |
|---|---|
| BRANDON J. BURNS,<br><br>Petitioner,<br><br>vs.<br><br>LEROY KIRKEGARD; Warden, Montana State Prison,<br><br>Respondent. | CV 12-49-H-DLC-RKS<br><br><br><br>ORDER |

Petitioner Burns, a state prisoner proceeding *pro se*, has filed this action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges a state conviction for driving under the influence. Petitioner filed an earlier habeas petition challenging the same conviction in the Billings Division of this District in 2011. The earlier petition was denied on the merits.

United States Magistrate Judge Keith Strong entered Findings and

Recommendations in this matter on June 1, 2012, in which he recommends that this action be dismissed as a second or successive application pursuant to 28 U.S.C. § 2244(b)(2). Petitioner Burns timely objected, thereby preserving his right to de novo review of the record. 28 U.S.C. § 636(b)(1). In his objections Petitioner Burns contends that it was impossible for him to bring his current claim, alleging breach of a plea agreement, in the first petition because he had not exhausted that claim at the time of the filing of the first petition. That argument does not advance the Petitioner's cause because the bar to filing second or successive petitions does not provide an exception for claims that had not yet been exhausted when the first petition was filed. See 28 U.S.C. § 2244(b)(2) (allowing consideration of a second or successive petition only where (1) the claim relies on a new rule of constitutional law made retroactive to cases on collateral review or (2) the claim is based on facts that could not have been known to the petitioner at the time of the first petition and the facts underlying the claim demonstrate the petitioner's actual innocence).

This result might seem unfair in light of the one-year period of limitation, set out in 28 U.S.C. § 2244(d)(1), applicable to habeas petitions by persons in custody pursuant to state court judgments. However, had Petitioner Burns waited to file his first petition until after all of his claims were exhausted at the state level,

the period of limitation would have been tolled until the final claim was exhausted under 28 U.S.C. § 2244(d)(2), thereby affording Petitioner an opportunity to present all of his claims in one petition. Because he failed to include his claim for breach of the plea agreement in his first petition, Burns must first seek authorization from the Court of Appeals before presenting the claim in a second petition. 28 U.S.C. § 2244(b)(3)(A). For now, the instant Petition is barred by statute.

Upon de novo review, the Court agrees with Judge Strong's Findings and Recommendations (Doc. No. 3) and therefore adopts them in full.

Accordingly, IT IS HEREBY ORDERED that the Petition is DISMISSED, and a certificate of appealability is DENIED.

The Clerk of Court is instructed to enter a judgment of dismissal by separate document.

Dated this 14th day of June, 2012.

Dana L. Christensen, District Judge
United States District Court